## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **W.O.H. ENTERPRISES, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-09-07** |
| | § | |
| **SHINER MOSELEY AND** | § | |
| **ASSOCIATES, INC. AND HDR** | § | |
| **ENGINEERING, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendants Shiner Moseley and Associates, Inc. ("Shiner Moseley") and HDR Engineering, Inc.'s ("HDR") (collectively, "Defendants") Motion to Dismiss (Dkt. No.  4) and Plaintiff W.O.H. Enterprise, L.L.C.'s ("W.O.H." or "Plaintiff") Motion to Remand (Dkt. No. 14), which includes a request for an award of attorney's fees and costs.  Having considered the motions and applicable law, the Court finds that W.O.H.'s Motion to Remand (Dkt. No. 14) should be GRANTED and W.O.H.'s request for attorneys' fees and costs should be DENIED.

### Factual and Procedural Background

This case arises out of a dispute between HDR, a Nebraska corporation, Shiner Moseley, a Texas corporation and subsidiary of HDR, and W.O.H., a Texas limited liability company.  W.O.H. alleges that on July 17, 2006, it retained Defendants to provide services related to the creation of  W.O.H.'s Corpus Christi Marina Yachting Center Project (the "Project").  Defendants agreed to provide W.O.H. cost estimates.  Pursuant to their agreement W.O.H. wrote a check to Shiner Moseley for $24,517 for the initial phase of the Project and

the check cleared W.O.H.'s bank account.[1]  On September 8, 2006, Defendants delivered to W.O.H. their cost projections for the Project, including a 25% margin of error disclaimer.  This document, titled "The Letter Report," was printed on letterhead listing both HDR and Shiner Moseley.  W.O.H. made an $82,500 down payment by check payable to Shiner Moseley, which cleared Plaintiff's bank account.  Accordingly, W.O.H. believed that it retained Shiner Moseley for the project. Relying on representations made by Shiner Moseley employees and the Letter Report, W.O.H. obtained necessary permits and leases from the city.  W.O.H. also made ten subsequent payments to Defendants. Although, it is unclear precisely to whom those payments were made, at least some of these payments were made to Shiner Moseley, and each of these checks cleared W.O.H's bank account.  When W.O.H. wrote checks to Shiner Moseley, it was never asked to change the payee to another name. During all phases of negotiation and development, W.O.H. dealt with James Shiner (Senior Vice President for both Shiner Moseley and HDR) and Brent Moore (Project Manager at the Shiner Moseley Offices in Corpus Christi, Texas) or by calling the Shiner Moseley offices in Corpus Christi.

On June 22, 2007, Defendants informed W.O.H. the Project would cost between 50-75% more than expected including the 25% margin of error, or 75-100% more than originally estimated excluding the 25% margin of error.  In response, W.O.H. filed its state court petition against Shiner Moseley and HDR alleging causes of action for breach of contract, negligence, gross negligence, and negligent misrepresentation, claiming that but for Defendants' misrepresentations, it would not have retained Defendants past the early stages of the Project.

---

[1] W.O.H. represented that, to the best of its knowledge, the check it made payable to Shiner Moseley was deposited by Shiner Moseley.  It is not entirely clear whether Shiner Moseley, in fact, deposited the check.  What is clear is that each check W.O.H. made to the order of Shiner Moseley cleared W.O.H.'s bank account and was paid.

Defendants then removed the action to this Court on the basis of diversity jurisdiction.  Shiner Moseley and HDR filed their Motion to Dismiss based upon W.O.H.'s failure to file a Certificate of Merit as required by TEX. CIV. PRAC. & REM. CODE § 150.002 (2005) and claimed that, pursuant to FED. R. CIV. P. 12(b)(6), W.O.H. failed to state a claim against Shiner Moseley.  Finally, W.O.H. filed its Motion to Remand, arguing that the case should be remanded because of a lack of complete diversity between W.O.H. and Shiner Moseley.

## Standard of Review

"Federal courts are courts of limited jurisdiction having only the authority endowed by the Constitution and that conferred by Congress."  *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (citing *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)) (internal quotation marks omitted).  A defendant may remove an action from state to federal court only if the federal court has subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  Defendants have asserted that this court has subject matter jurisdiction based on the Court's diversity jurisdiction.  For diversity jurisdiction to exist, there must be complete diversity, and the following two conditions must be met: (1) none of the defendants may be a citizen of the state in which the district court sits; and (2) diversity must have existed when the original action and petition for removal were filed.  28 U.S.C. § 1441(b).  If it appears that the Court lacks subject matter jurisdiction at any time before final judgment, the case must be remanded.  28 U.S.C. § 1447(c).

A case may be removed despite the presence of a non-diverse defendant if the plaintiff

improperly joined the non-diverse defendant.[2]   The removing party bears the burden of

establishing improper joinder by showing: (1) the plaintiff's inability to establish a claim under

state law against the non-diverse defendant; or (2) actual fraud in pleading jurisdictional facts.

*Melder*, 404 F.3d at 330 (citing *Smallwood*, 385 F.3d at 573).   Since neither Shiner Moseley nor

HDR has alleged actual fraud, the relevant test is whether the defendants have shown

"absolutely no possibility" the plaintiff will be able to establish a cause of action or that no

"reasonable basis" exists for the plaintiff's recovery against the non-diverse defendant.  *Travis*

*v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (noting that these two seemingly different tests are

equivalent).   "The Fifth Circuit has stressed that the burden of persuasion on those who claim

improper joinder is a heavy one."  *KIW, Inc. v. Zurich Amer. Ins. Co.*, Civ. A. No. H-05-3240,

2005 WL 3434977, at *2 (S.D. Tex. Dec. 15, 2005) (citing *Travis*, 326 F.3d at 647) (internal

quotation marks omitted).

"If there is arguably a reasonable basis for predicting that state law might impose

liability on the facts involved, then there is no [improper] joinder."  *Harris v. New Werner*

*Holding, Co. Inc.*, Civ. A. No. 3:08-CV-1750-L, 2009 WL 1211409, at *2 (N.D. Tex. May 1,

2009) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312

(5th Cir. 2002)) (internal quotations and citations omitted).  A "reasonable basis" means more

than a mere hypothetical basis.  *Kuykendahl-WP Retail I, L.P. v. Wild Oats Mkts. Inc.*, Civ. A.

No. H-07-4573, 2008 WL 728149, at *2 (S.D. Tex. Mar. 18, 2008) (citing *Griggs v. State Farm*

---

[2] Although there is no substantive difference between the two terms, in the context of analyzing diversity jurisdiction, the Fifth Circuit has replaced "fraudulent joinder" with  "improper joinder" as the preferred terminology.  *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 568 n. 1 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)).

*Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).  If there is a reasonable possibility that the plaintiff

may recover on any of his claims, the case must be remanded.  *Harris*, 2009 WL 1211409, at

*2.  In making this determination, a court does not "decide whether the plaintiff will actually

or even probably prevail on the merits, but⎪ ⎪ ⎪ ⎪ ⎪ only for a⎪ ⎪ ⎪ ⎪ ⎪ ⎪ ⎪ ⎪ possibility that⎪ ⎪ ⎪

⎪ ⎪ ⎪ ⎪ ⎪ ⎪ ⎪ ⎪ may do so."  *Id.* (quoting *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir.

1992)).

        In deciding whether a plaintiff has a reasonable basis for recovery under state law, a

court may "conduct a 12(b)(6)-type analysis, looking initially at the allegations of the

complaint to determine whether the complaint states a claim under state law against the in-state

defendant."  *KIW*, 2005 WL 3434977, at *2 (citing *Smallwood*, 385 F.3d at 573).  In this

12(b)(6)-type analysis, the Court construes the plaintiff's complaint in the light most favorable

to it, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences

in the Plaintiff's favor.  *See Prime Income Asset Mgmt. Co., Inc. v. Waters*, Civ. A. No.

3:07-CV-0102-D, 2007 WL 2229050, at *2 (N.D. Tex. Aug. 3, 2007).

## Analysis

### I. Motion to Remand

        In its state court petition, W.O.H. sets forth four causes of action against Shiner

Moseley: breach of contract, negligence, gross negligence, and negligent misrepresentation.[3]

Specifically, W.O.H. claims that Shiner Moseley and HDR breached the terms and conditions

of their contract, owed W.O.H. a reasonable duty of care but breached that duty, were grossly

---

[3] *See* Dkt. No. 9, Ex. B at 5.

5

negligent, and that their agents, representatives, and employees made negligent misrepresentations to W.O.H. throughout the Project.[4] Defendants argue that W.O.H.'s joinder of Shiner Moseley was improper because there is no reasonable basis for predicting that W.O.H. will recover under any of these claims.

In support of their request for remand, W.O.H. maintains that Shiner Moseley and HDR were properly joined because W.O.H. has valid claims against each Defendant. In its motion, W.O.H. avers that it worked directly with employees out of the Shiner Moseley offices in Corpus Christi and made various payments, totaling more than $107,000, payable to Shiner Moseley.[5] Accordingly, W.O.H. concludes that complete diversity among Defendants is lacking because Shiner Moseley is a Texas corporation.[6] The Defendants do not challenge the citizenship of Shiner Moseley or HDR, but merely claim that Plaintiff maintained its claim against Shiner Moseley for the sole purpose of destroying diversity.[7] Defendants essentially contend that Shiner Moseley, as a mere subsidiary of HDR, was not involved in the Project.[8]

Because W.O.H. requires only a reasonable probability that it may prevail on *a* claim against Shiner Moseley, the Court need not address every cause of action brought. Analysis of Plaintiff's negligent misrepresentation claim suffices. Under Texas law, a claim for negligent misrepresentation contains four elements: (1) the defendant makes a representation

---

[4] *See id.*

[5] Dkt. No. 14 at 4-5; *see also* Dkt. No. 15 at 2.

[6] *See* Dkt. No. 14 at 6.

[7] Dkt. No. 15 at 2.

[8] Dkt. No. 14 at 4-5; *see also* Dkt. No. 15 at 2.

6

in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in its business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Grant v. Laughlin Environmental, Inc.*, Civ. A. No. 01-07-00227-CV, 2009 WL 793638, at *15 (Tex. App.–Houston [1st Dist.] Mar. 26, 2009, no pet. h.) (citing *Henry Schein Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 24 (Tex. 2002)).

In its state court petition, W.O.H. pleaded that Defendants, through their agents, employees, and representatives, made representations to Plaintiff in the course of Defendants' business and in a transaction in which it had an interest; such representations were false and made for the guidance of Plaintiff; Defendants did not exercise reasonable care or competence in obtaining or communicating such information; Plaintiff justifiably relied on Defendants' misrepresentations; and such negligent misrepresentations proximately caused Plaintiff's damages.[9]  Anytime W.O.H. discussed the project with Defendants, it did so by calling Shiner Moseley's Corpus Christi offices or by meeting with James Shiner and Brent Moore in person at Shiner Moseley's offices in Corpus Christi.  Upon pre-paying Shiner Moseley almost $25,000 for the initial phase of the Project, W.O.H. was under the impression that it had retained Shiner Moseley for the Project and therefore was dealing with Shiner Moseley, regardless of its affiliation with HDR.  In reliance upon Shiner Moseley employees' representations and the Letter Report's estimated cost projections, W.O.H. wrote an $82,500

---

[9] *See* Dkt. No. 9, Ex. B at 5.

7

check to Shiner Moseley as a down payment and subsequently purchased necessary permits and leases to further the Project's development.  Shiner Moseley may or may not have made negligent misrepresentations to W.O.H., but construing the facts in favor of W.O.H., a trier of fact could reasonably conclude that it did.  Thus, W.O.H. has a reasonable possibility of recovery against Shiner Moseley, and Defendants failed to meet their burden to establish that a reasonable possibility of recovery does not exist as to W.O.H.'s negligent misrepresentation claim against Shiner Moseley.  The facts, as W.O.H. has plead them, if true, would satisfy all four elements of negligent misrepresentation and entitle W.O.H. to relief against Shiner Moseley.

**II. Motion to Dismiss**

The Defendants also moved to dismiss W.O.H.'s claims because W.O.H. failed to file a Certificate of Merit pursuant to Tex. Civ. Prac. & Rem. Code § 150.002 (2005).  In Texas, when suing a licensed professional under a theory of negligence, a plaintiff is required to file a Certificate of Merit with his complaint.  Tex. Civ. Prac. & Rem. Code § 150.002(a) (2005). The Certificate of Merit provides the factual basis for the negligence claim, concludes that at least one negligent act, error, or omission occurred, and must be signed by a third-party professional holding the same professional license as and practicing in the same area as the defendant.  *Id.*

The Court notes that the Fifth Circuit has yet to address whether a district court may consider issues surrounding a Certificate of Merit in the absence of original jurisdiction. However, the Court has received guidance from other jurisdictions' rulings on Certificate of Merit issues.  For example, federal courts in Pennsylvania have established that there is no need

to consider a failure to file a Certificate of Merit in a case lacking subject matter jurisdiction. *See Harper v. Fox*, Civ. A. No. 06-01461, 2006 WL 2433553, at *2 (E.D. Pa. Aug. 18, 2006); *Blizzard v. FCI Elkton*, Civ. A. No. 05-CV-5761, 2006 WL 2934826, at *1 (E.D. Pa. Oct. 12, 2006) (considering defendants' Motion to Dismiss would be improper for a court lacking subject matter jurisdiction); *see also Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co. Ltd.*, 436 F.3d 349, 358 (3d Cir. 2006) ("an actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998)).  Similarly, at least one federal district court in Washington has required that a court must establish jurisdiction before considering a Motion to Dismiss.  *See Abear v. Teveliet*, Civ. A. No. C06-5550 RBL, 2006 WL 3813560, at *1 (W.D. Wash. Dec. 21, 2006) ("The Motion to Dismiss was filed earlier in time, but this Court must first determine whether it has diversity jurisdiction over the case.").

Other federal district courts have concluded that the determination as to whether a party is required to file a Certificate of Merit and whether its absence requires dismissal, is a question of substantive state law that should be addressed by the state courts.  *See Warren ex rel Estate of Warren v. Murugappan*, Civ. A. No. 02-CV-4146-JPG, 2002 WL 31227087, at *2 (S.D. Ill., Aug. 29, 2002) (remanding an action to state court based on the lack of federal question jurisdiction and concluding that "whether [Plaintiff] is actually required to file a Certificate of Merit for this action is a question that surely will be addressed at another stage of this litigation"); *see also Keybank Nat'l Assoc. v. Reidbord*, Civ. A. No. 05-144, 2005 WL 3184781, at *9 (W.D. Pa. Nov. 29, 2005) (finding an analogous Pennsylvania statute to be substantive state law).  Although not binding, the Court finds the above-cited cases persuasive and

concludes that, without original subject matter jurisdiction, it cannot rule on whether a Certificate of Merit is required.

Because the only basis for removal was diversity jurisdiction, and the Court has concluded that no such jurisdiction exists, this case must be remanded to state court for further proceedings.

## III. Attorney's Fees

The sole remaining issue for determination before remand is whether W.O.H. is entitled to an award of attorney's fees and costs associated with the removal and remand of its case because the state court action was improperly removed. Under Section 1447, "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Though the statute does not indicate how courts are to exercise their discretion in awarding attorney's fees, the Fifth Circuit has held that "the propriety of the defendants' removal is central in determining whether to impose fees." *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). The Court does not consider the defendants' motives in removing the case to federal court, and may award attorney's fees even if the defendants removed in good faith. *See Valdez v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000); *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F. Supp. 1146, 1147 (S.D. Tex. 1990). Instead, the inquiry focuses on "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of the removal. *Valdez*, 199 F.3d at 293. Although, Defendants' grounds for removal were ultimately unsuccessful, they were not objectively improper at the time of removal. Therefore, W.O.H.'s request for attorney's fees and costs should be denied.

**Conclusion**

For the foregoing reasons, W.O.H.'s motion to remand this case is GRANTED, and W.O.H.'s request for attorney's fees and costs associated with the removal and remand of its case is DENIED.  Accordingly, this case shall be REMANDED to County Court at Law No. 3 of Nueces County, Texas for further proceedings.

It is so ORDERED.

Signed this 2nd day of July, 2009.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE